United States District Court
For the Northern District of California

1
2
3            UNITED STATES DISTRICT COURT
4            NORTHERN DISTRICT OF CALIFORNIA
5                  EUREKA DIVISION
6
7    ROBIN REED,
8                    Petitioner,                No. C 15-0949 NJV (PR)
9      vs.                                      **ORDER DISMISSING CASE
                                                AND DENYING A
10   SHERIFF LORI SMITH,                        CERTIFICATE OF
                                                APPEALABILITY**
11                   Respondent.
     _____/
12
13          Petitioner pro se proceeds with a petition for a writ of habeas corpus pursuant to 28
14   U.S.C. § 2254.  The court ordered petitioner to show cause why the case should not be
15   dismissed as unexhausted.  (Doc. 5.)  Petitioner has filed a response.  (Doc. 7.)
16                            **BACKGROUND**
17          Petitioner pled nolo contendere to disturbing the peace on October 4, 2013, and was
18   sentenced to three years of probation and ordered to take several classes.  On January 7,
19   2015, petitioner was found to have violated probation and remanded into custody to serve a
20   ninety day sentence.  It appears that petitioner is challenging the underlying conviction, not
21   the violation of probation.
22                            **DISCUSSION**
23   **A.    Standard of Review**
24          This court may entertain a petition for writ of habeas corpus "in behalf of a person in
25   custody pursuant to the judgment of a State court only on the ground that he is in custody
26   in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §
27   2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet
28   heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

1  application for a federal writ of habeas corpus filed by a prisoner who is in state custody

2  pursuant to a judgment of a state court must "specify all the grounds for relief available to

3  the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules

4  Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the

5  petition is expected to state facts that point to a 'real possibility of constitutional error.'"

6  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

7  1970)).  "Habeas petitions which appear on their face to be legally insufficient are subject

8  to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102,

9  1108 (9th Cir. 1996) (Schroeder, J., concurring).

10 **B.   Analysis**

11         Before she may challenge either the fact or length of her confinement in a habeas

12 petition in this court, petitioner must exhaust any claims she wishes to raise in this court.

13 *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).  The general rule is that a federal district

14 court must dismiss a federal habeas petition containing any claim as to which state

15 remedies have not been exhausted.  *Id.*

16         A fully unexhausted federal habeas petition may not be stayed and must be

17 dismissed.  *See, e.g., Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding

18 that a fully unexhausted petition may not be stayed and observing: "Once a district court

19 determines that a habeas petition contains only unexhausted claims, it need not inquire

20 further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition

21 for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir.2009)

22 (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a

23 "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims

24 have been exhausted, and none of [petitioner's] claims were exhausted").

25         Because it appeared that petitioner had presented a fully unexhausted petition, she

26 was ordered to show cause why this action should not be dismissed.  In her response

27 petitioner states that her appointed counsel provided faulty legal advice concerning her

28 plea and efforts to withdraw the plea.  However, there is no indication that petitioner has

2

**United States District Court**

For the Northern District of California

even attempted to exhaust these claims.  While an attorney's actions may justify equitable tolling, petitioner has presented a fully unexhausted federal habeas petition that must be dismissed.  Petitioner may refile this habeas case once all the claims have been fully exhausted.

### CONCLUSION

The petition is **DISMISSED** without prejudice as unexhausted.  Petitioner may file a new petition once the claims have been exhausted.  Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 26, 2015.

NANDOR J. VADAS
United States Magistrate Judge